# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## BRUNSWICK DIVISION

SHANESIA S. JAUDON,

      Plaintiff,

    v.

ROBERT C. SASSER; MIKE THOMAS;
TIMOTHY HOLLINGSWORTH;
MATTHEW J. DOERING, in their individual
and official capacities, and GLYNN
COUNTY, GEORGIA,

      Defendants.

CIVIL ACTION NO.: 2:17-cv-118

## O R D E R

This matter is before the Court on Defendants' Objection to the Magistrate Judge's December 20, 2018 Order. (Docs. 43, 45.) For the reasons set forth below, the Court **OVERRULES** Defendants' Objections. The Court's December 20, 2018 Order remains the Order of the Court.

## BACKGROUND

On June 29, 2018, one day after the death of Defendant Robert C. Sasser, the remaining Defendants in this action filed a suggestion of death on the record pursuant to Federal Rule of Civil Procedure 25(a). (Doc. 28.) Defendants served the suggestion of death on "all the parties" but did not serve any nonparties. (Id. at p. 1.) The Glynn County Probate Court appointed Robert Brice Sasser as administrator for Robert C. Sasser's estate on August 27, 2018. (Doc. 47-1.) Plaintiff filed a Motion to Substitute Robert Brice Sasser for the decedent-Defendant on November 19,

2018.  (Doc. 36.)  Defendants opposed this Motion, arguing that, because over 90 days had passed since the filing of the suggestion of death, the Motion was untimely.  (Doc. 37.)

The Magistrate Judge found Plaintiff's Motion was not time-barred because Rule 25's 90-day clock for motions to substitute does not begin until the nonparty estate administrator (or the nonparty most likely to be appointed as the estate administrator) is served with the suggestion of death.  The Magistrate Judge also took Plaintiff's Motion to Substitute under advisement pending a hearing and ordered Defendants to serve the suggestion of death on Robert Brice Sasser, administrator for Robert C. Sasser's estate.  (Doc. 43, p. 7.)  Defendants now object, arguing that Rule 25 does not require service of a suggestion of death on a nonparty.  (Doc. 45, pp. 2–3.)

## STANDARD OF REVIEW

"Rule 72 [of the Federal Rules of Civil Procedure] fundamentally differentiates between nondispositive and dispositive matters, for purposes of delineating the authority of magistrate judges."  Pigott v. Sanibel Dev., LLC, No. CIVA 07-0083, 2008 WL 2937804, at *3 (S.D. Ala. July 23, 2008); see also Fed. R. Civ. P. 72.  Under Rule 72(a), a party may object to a magistrate judge's ruling on a nondispositive matter by "fil[ing] objections to the magistrate judge's order within 14 days after being served with a copy of it."  United States v. Dickert, 635 F. App'x 844, 851 (11th Cir. 2016).  District judges will review the objections but can only "modify or set aside" the magistrate judge's order if the order "is clearly erroneous or contrary to law."  Fed. R. Civ. P. 72(a); Dickert, 635 F. App'x at 851.  Here, Defendants do not contest that their Objection, (doc. 45), should be reviewed under the standard set forth in Rule 72(a) for nondispositive motions.  See Fed. R. Civ. P. 72(a) ("A party may not assign as error a defect in the order not timely objected to.").

2

"The 'clearly erroneous or contrary to law' standard of review is extremely deferential." Pigott, 2008 WL 2937804, at *3. "[A] finding is clearly erroneous 'when although there is evidence to support it, the reviewing court on the entire evidence is left with definite and firm conviction that a mistake has been committed.'" Traylor v. Howard, No. 1:10-CV-1316-CAP, 2010 WL 11527089, at *1 (N.D. Ga. June 1, 2010) (quoting Holton v. City of Thomasville Sch. Dist., 425 F.3d 1325, 1350 (11th Cir. 2005)); see also Howard v. Hartford Life & Acc. Ins. Co., No. 3:10-CV-192-J-34, 2012 WL 3069384, at *2 (M.D. Fla. July 26, 2012). "A magistrate judge's order 'is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" Malibu Media, LLC v. Doe, 923 F. Supp. 2d 1339, 1347 (M.D. Fla. 2013) (quoting Botta v. Barnhart, 475 F. Supp.2d 174, 185 (E.D.N.Y. 2007)).

## DISCUSSION

Defendants do not argue that the Magistrate Judge misapplied the law when determining that Rule 25 requires a suggestion of death be served on a decedent's representative or successor to trigger the 90-day clock. Indeed, they acknowledge that this Court has ruled in another case "that there must be service on the estate to trigger the 90-deadline," and that "there is a circuit split concerning this issue." (Doc. 45, p. 2.) By Defendants' own admission, the Magistrate Judge's ruling is based on legal precedent interpreting Rule 25's reference to service on nonparties. Defendants cannot point to any binding authority showing otherwise. Thus, the Magistrate Judge's Order is not clearly erroneous or contrary to law.

In Lizarazo v. Miami-Dade Corrections & Rehabilitation Department, the only Eleventh Circuit Court of Appeals case addressing Rule 25's reference to service on nonparties, the Eleventh Circuit stated: "[T]o start Rule 25's ninety-day clock, a suggestion of death must be filed with the court and served on a personal representative of the deceased party." Id. at 1009. Defendants

attempt to distinguish Lizarazo, arguing that the case stands for the proposition that service on a decedent's representative is not required to start the Rule 25 clock. (Doc. 45, pp. 2–3.)

Defendants argue that the court in Lizarazo determined the 90-day deadline in that case expired before the deceased party's estate administrator had been formally appointed. Id. According to Defendants, because the 90-day clock in Lizarazo ran before formal appointment of the estate administrator, service on the decedent's representative cannot be a requirement to trigger the 90-day clock. However, in Lizarazo, the Eleventh Circuit presumed that the 90-day clock began to run on the day "the defendants served Mr. Lizarazo's father, one of the people they anticipated might serve as his personal representative, with that notice." Lizarazo, 878 F.3d at 1009. Therefore, in that case, the 90-day clock began to run on the day the parties properly served the nonparty most likely to be appointed the estate representative. Unlike Defendants in this case, the Lizarazo defendants served an interested nonparty with the suggestion of death, and that service started the 90-day clock. There is nothing in Lizarazo to suggest that the 90-day clock begins to run where a suggestion of death is filed, but no effort is made to serve any nonparties, as was the case here. To the contrary, the plain language of Lizarazo confirms that the clock does not start to run until the suggestion of death is "served on a personal representative of the deceased party." Id.

Although there is a circuit split concerning the requirements of Rule 25, Lizarazo and other district court cases from around the Eleventh Circuit confirm that in this circuit a decedent's representative or successor must be served to trigger the 90-day clock in Rule 25. See, e.g., Bennett v. Birmingham Bd. of Educ., No. 2:09-CV-0717, 2010 WL 11565294, at *3 (N.D. Ala. July 9, 2010) (finding that, when a decedent's estate administrator is not known, the "nonparties that must be served include those that would appear to have a significant claim upon acting as the deceased party's successor or representative of his or her estate."). At a minimum, there must be a thorough,

good faith effort to locate and serve the deceased party's successor, which did not occur here.  See, e.g., Hardy v. Potter, No. CV408-223, 2009 WL 765028, at *2 (S.D. Ga. Mar. 23, 2009).

Defendants in this case did not attempt to serve any nonparty connected to Robert C. Sasser's estate.  Thus, the Magistrate Judge correctly found that the 90-day clock to file a motion to substitute did not begin to run when Defendants filed their suggestion of death with the Court, and could not begin to run until Defendant Sasser's representative or successor had been served.

## CONCLUSION

The Magistrate Judge's determination that Plaintiff's Motion to Substitute is not time-barred by Rule 25, and that the 90-day clock in Rule 25 could not start to run until the suggestion of death was served upon the decedent's representative or successor is not clearly erroneous or contrary to law.  Thus, the Court **OVERRULES** Defendants' Objection, (doc. 45), and the December 20, 2018 Order remains the Order of this Court.

**SO ORDERED**, this 8th day of March, 2019.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA